PONDER, Judge.
Defendants appealed the judgment casting them for damages, cost and attorney’s fees for violations of a sublease agreement.
The issues are: the existence of a sublease, admissibility of evidence of negotiations to settle, the propriety of attorney’s fees and the correction of the judgment.
We affirm.
When Danny’s Fashion Center, Inc. ceased doing business, it negotiated with Greg Allen, d/b/a Allen Office Supplies and Allen, Inc., who wanted to sublease the property owned by Baker Enterprises, Inc. The original lease was for a primary term of two years with two options for five years each. It also required lessor’s approval for a sublease. Lessor was willing to allow the sublease for the remainder of the first five years extension, which was then in progress but was unwilling to approve the second five year extension without a renegotiation of the price.
After defendants occupied the premises about sixteen months, they ceased payment and later vacated the premises. Plaintiff sent notice of delinquency to the original lessee. It thereafter took an assignment of the sublease and filed suit against the sublessee. After trial, the trial court gave judgment for seventeen months’ rental less a credit for overage of re-rental, a total of $12,450.00, plus interest and costs and attorney’s fees of ten percent.
Appellants contend that there was never a sublease because they would not agree to an elimination of the second extension period.
The court found otherwise and we agree. The letter regarding the sublease starts with: “This will confirm to you our agreement to sublease ...”. (Emphasis added). Furthermore, A.T. Furr, president of the plaintiff, testified that defendants knew and agreed that the second extension would be subject to renegotiation. There is a note on the letter, which Furr identified as his, to the effect that he had discussed the point with Allen.
Appellant complains of the admission of some testimony about negotiations. Since there was only evidence that negotiations took place, which was recorded before the objection, we doubt that any error occurred. Even if it be error, it is harmless in view of the preponderating evidence.
Appellant complains that he never received written notification of delinquency so as to warrant the award of interest and attorney’s fees. The lease does provide for written notice of delinquency and a grace period thereafter. Another provision, however, allows notice in person, and the original lessee testified he discussed the matter of delinquency with Allen. We find no error.
Finally, appellant complains that the court changed the amount of the judgment from $12,750.00 to $12,450.00 without holding a new trial. The minutes reveal that on the motion for a new trial, the court granted the new trial only insofar as it changed the amount as mentioned above. Thereafter, however, a motion to correct *573 clerical error in the judgment was filed and granted. In view of the fact that the testimony of the $300.00 credit was received on cross-examination by defendants and the correction is in their favor, we find no error.
On February 3, 1984, during the pendency of this appeal, defendants filed a peremptory exception of no cause of action on the bases that plaintiff failed “to allege that defendants were given written notice of their intent to accelerate the lease, seek ten (10%) per cent of the remaining amount due on the lease as attorneys’ fees and also to seek ten (10%) per cent interest on the past due installments from due date until paid;” and “upon the trial of the instant matter, the plaintiff did not show that the defendants were given written notice of their intent to accelerate the lease, seek ten (10%) per cent for the past due lease installments as attorneys’ fees if the same were placed in the hands of an attorney for collection and/or their intention to seek ten (10%) per cent interest on all past due installments from due date until paid.”
Defendants did ask for dismissal of the suit, even though the complaint is only as to the attorneys’ fees and interest, and not the entire claim. The peremptory exception is, therefore, inappropriate under the circumstances. At any rate, the peremptory exception is denied under our finding above that the lease allowed notice in person and that the matter of delinquency had been discussed with Allen.
For these reasons, the judgment is affirmed at appellants’ costs.
AFFIRMED.
WATKINS, J., dissents and assigns reasons.